## Milton D. Turner and Wife v. J. W. McAdory.

Breach of Warranty. *Rights of warrantee. Judgment credited by order of court.' Jurisdiction.*

. If, after the breach of a warranty of title to land by the establishment of an adverse title paramount to that warranted, the warrantee purchases such paramount title, he has the right to maintain an action against the warrantor for money paid to his use; but a Circuit Court has no power to order a judgment obtained by the warrantor against the warrantee for the purchase-money of the land to be credited with the amount paid out by the warrantee for the paramount title, the claim therefor not having been reduced to judgment against the warrantor, and being unliquidated as to him.

Error to the Circuit Court of Neshoba County.

Hon. A. G. Mayers, Judge.

In 1869, J. W. McAdory purchased a certain tract of land from Milton D. Turner and wife, and paid therefor a part of the purchase-money in cash, and gave his promissory note for the balance. Turner and wife conveyed the land to McAdory by a warranty deed. Some time thereafter, J. C. Wilson brought an action of ejectment against McAdory to recover this land. Turner and wife were notified of the action, and were admitted as defendants thereto. But in 1874 Wilson obtained a judgment for the recovery of the land. Thereupon McAdory bought in Wilson's paramount title, paying therefor $133.33 in cash and giving his two promissory notes, due, respectively, on the 1st of November, 1875 and 1876, for $133.33 each.

Turner and wife sued McAdory on his notes to them, and on the 12th of March, 1877, recovered a judgment for $485.

Wilson also sued McAdory on the note given him, and on the 14th of March, 1878, recovered a judgment thereon for $297.66.

In September, 1879, McAdory filed a petition in the Circuit Court of Neshoba County, where all of said judgments were obtained, setting forth the above-stated facts, and asking for a *supersedeas* to suspend the collection of the judgment of Turner and wife until the next term of the court, and that they be summoned to appear and show cause why their judgment should not be satisfied on record to the amount of principal and interest paid and to be paid by the petitioner to Wilson for his paramount title. The petition also alleged that Turner and wife are insolvent; that petitioner will be compelled to pay their judgment before the next term of the court, unless it be superseded; and that he has paid a part of the money due on Wilson's judgment, and will be compelled to pay the balance before the next term of the court.

The *supersedeas* was granted in vacation, and at the next term the court sustained a motion by McAdory, based upon his petition, to enter as a credit upon the Turner judgment the amount paid by McAdory to Wilson and the balance still due on Wilson's judgment. Turner and wife made no defence to McAdory's petition, and judgment was rendered therein by default. To that judgment Turner and wife sued out a writ of error.

*L. Brame*, for the plaintiffs in error.

1. The judgment recovered by Turner and wife against McAdory adjudicated all the matters of difference between the parties thereto. It settled everything that was or might have been litigated. *Gaines* v. *Kennedy*, 53 Miss. 103.

McAdory's petition in the Circuit Court was nothing more than an effort to go behind the judgment and assert a defence in reference to a motion that was adjudicated. It is plain that he could have pleaded a total failure of consideration as to the note as soon as the judgment in ejectment was recovered by Wilson under the paramount title.

2. It is not alleged that Turner and wife authorized Mc-Adory to buy in the title of Wilson, nor that they consented to it.   That arrangement was made between McAdory and Wilson, and Turner and wife had no privity or connection with it.

3. The petition showed that the petitioner was not entitled to any relief.   And " the failure of the defendant to make defence cannot give to the plaintiff a right which, according to his own showing, he was not entitled to exercise under the established principles of law."   *Railroad Co.* v. *Sackett,* 27 Miss. 739 ; *Belew* v. *Jones,* 56 Miss. 342.

4. The proceedings in the court below were unauthorized. There was no direct payment of the judgment, but it was attempted, by an independent suit, to establish an equitable claim to be applied as a payment thereof.   The court had no jurisdiction to order the judgment to be cancelled.

*L. Brame* also argued the case orally.

*R. G. & H. W. Rives,* for the defendant in error.

McAdory was not entitled to sue Turner and wife in *assumpsit* until he had completed the purchase of the paramount title and perfected the protection of their covenant of warranty.   *Kirkpatrick* v. *Miller,* 50 Miss. 522.   He did not do this until long after they had obtained judgment against him. He could not have maintained *assumpsit* for that which he had only promised to pay, nor could he have maintained such action for any small amount paid by him, there being still a part due, for that did not secure the paramount title and protect the covenant of warranty.

But, while Turner and wife are insolvent, and a judgment against them would be worthless, they have a judgment against McAdory which they are about to force him to pay. Surely, justice and fair-dealing demand that their judgment against him for the purchase-money of the land should be treated as satisfied to the extent of the sum which he has been compelled to pay for the protection of their warranty, and which he would lose, by reason of their insolvency, if left to his suit in *assumpsit* against them.   A court of law has equi-

table jurisdiction in relation to its process and judgments, and may and ought to take into consideration, as a court of equity, the insolvency of a party as a ground for equitable in-. terference.  *Simpson* v. *Hunt*, 14 Johns. 70; *Officers of. Court* v. *Bank of Port Gibson*, 4 Smed. & M. 431.  See also *Planters' Bank* v. *Spencer*, 3 Smed. & M. 313.

*R. G. Rives* made an oral argument also.

CAMPBELL, J., delivered the opinion of the court.

By his purchase of the outstanding paramount title, Mc-Adory became entitled to maintain an action against his war- rantor of the title for money paid to his use, but the Circuit: Court did not have the right to order the judgment in favor of the warrantor against McAdory to be credited by the amount due to the latter from the former.  Courts of law have gone to the extent of ordering mutual judgments be- tween parties to be set one against the other, as an incident to the administration of justice between litigants; but there is no precedent for a court of law, in a system where the admin- istration of justice is divided between courts of chancery and courts of law, to order a demand in favor of the defendant in a judgment to be credited as a payment of the judgment. On this ground we reverse the judgment, and dismiss the motion of McAdory, and discharge the *supersedeas* of the judgment against him.